IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 25, 2015 at Knoxville

**STATE OF TENNESSEE v. CHARLES RILEY, JR.**

**Appeal from the Criminal Court for Wilson County**
**No. 2012CR185    David Earl Durham, Judge**

_____

**No. M2014-01652-CCA-R3-CD – Filed May 1, 2015**

_____

Charles Riley, Jr. ("the Defendant") appeals as of right from the trial court's order revoking his probation, arguing the trial court abused its discretion when it determined that he violated probation. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Adam Wilding Parrish, Lebanon, Tennessee, for the appellant, Charles Riley, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Tom P. Thompson, District Attorney General; and Thomas Swink, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 11, 2013, the Defendant pleaded guilty to aggravated domestic assault, a Class C felony. Pursuant to a plea agreement, the trial court sentenced the Defendant, as a Range II multiple offender, to eight years and suspended the Defendant's sentence to supervised probation.

On June 25, 2014, the trial court issued a violation of probation warrant, which alleged that the Defendant had violated the following rules of probation:

Rule #1: I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances.

Rule #9: I agree to pay all required fees to the Supervision and Criminal Injuries Fund unless waived by appropriate authorities. Additionally, if so ordered by the court, I will pay all imposed fines, court costs, and restitution.

Rule #14: I will not engage in any assaultive, abusive, threatening or intimidating behavior. I will not behave in a manner that poses a threat to others or myself.

At the subsequent probation revocation hearing, the Defendant's probation officer, Nicole Clay, testified that she filed the violation of probation warrant against the Defendant based upon his arrest on new charges of aggravated domestic assault and interference with an emergency call[1] and because the Defendant was behind on the payment of his court costs, restitution, and probation fees. Ms. Clay explained that the Defendant last made a payment in October 2013 and still owed $1,375.80.

Brandi Ballinger, the Defendant's girlfriend and mother of his children, testified that she charged the Defendant with aggravated domestic assault after the Defendant punched her in the back and choked her during a dispute. Ms. Ballinger explained that the altercation with the Defendant ended when her daughter screamed and Ms. Ballinger threatened to call the police. The Defendant then grabbed Ms. Ballinger's cell phone, "tossed it," and left the scene. Immediately after the incident, Ms. Ballinger reported the assault to the police and sought a warrant from a judicial commissioner. Ms. Ballinger testified that the Defendant caused bruising on her back and "marks around [her] throat," which the officer observed. Ms. Ballinger acknowledged that she later asked the District Attorney's Office to dismiss the charges against the Defendant because she did not want the Defendant to go to prison. Nevertheless, Ms. Ballinger testified that the allegations in the assault warrant were true.

On cross-examination, Ms. Ballinger acknowledged that, in the early morning hours before the assault, she and the Defendant "were texting back and forth" and she threatened that, if he did not come home, she would have him "put in jail." She also acknowledged that, in another text message sent to the Defendant a few days before the assault, she threatened to have the Defendant charged with theft of property.

---

[1] Ms. Clay testified that the Defendant's new charges were pending at the time of the revocation hearing.

The Defendant testified and acknowledged that he was behind on his payments toward costs and restitution. He explained that his failure to pay stemmed from various other financial obligations. The Defendant denied that he assaulted Ms. Ballinger. To support his claim, he offered proof of text messages he had received from Ms. Ballinger in the days leading up to the alleged assault, in which Ms. Ballinger stated she was going to take out a warrant against the Defendant for theft of property and have him "put in jail."

At the conclusion of the hearing, the trial court found that the Defendant violated his probation by failing to pay costs, probation fees, and restitution. Additionally, the court found, by a preponderance of the evidence, that the Defendant committed a new offense against Ms. Ballinger, accrediting Ms. Ballinger's testimony about the assault over that of the Defendant's. Based upon these findings, the trial court revoked the Defendant's probation and ordered the Defendant to serve his sentence in confinement. This timely appeal followed.

## Analysis

The Defendant contends that the trial court abused its discretion in revoking his probation. He argues that the only evidence that he violated his probation by committing a new offense came from Ms. Ballinger, and that her testimony regarding the assault was not credible. The State responds that the trial court acted within its discretion when it accredited Ms. Ballinger's testimony and properly found that the Defendant's arrest for assault provided a basis for the revocation of the Defendant's probation. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311; State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e).

Upon finding a violation, the trial court is vested with the statutory authority to revoke the probation and suspension of sentence and "[c]ause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e)(1)(A). Furthermore, when probation is revoked, the trial judge may order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension." Tenn. Code Ann. § 40-35-310(a). The trial court retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The Defendant's argument on appeal essentially invites this Court to reweigh the evidence and accredit the Defendant's testimony that he did not assault Ms. Ballinger. However, in probation revocation hearings, the credibility of witnesses is for the determination of the trial judge, and the trial judge's findings have the weight of a jury verdict. State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). In this case, the trial court heard the proof and accredited the State's witnesses. The trial court explained that it took into consideration the witnesses' demeanor on the stand and their prior criminal convictions, as well as the court's experience in handling domestic assault cases. It is not the province of this Court to second guess the trial judge's determination with regard to the credibility of witnesses. See State v. Eric Pernell Taylor, No. M2011-01996-CCA-R3-CD, 2013 WL 709299, at *3 (Tenn. Crim. App. Feb. 26, 2013), no appeal filed; State v. Robert Kenneth Dubose, No. W2011-01422-CCA-R3-CD, 2012 WL 1656922, at *3 (Tenn. Crim. App. May 9, 2012), perm. app. denied, (Tenn. Aug. 15, 2102); State v. Stephanie Mayfield, No. W2008-02534-CCA-R3-CD, 2010 WL 322649, at *6 (Tenn. Crim. App. Jan. 26, 2010), no appeal filed.

Moreover, there clearly was substantial evidence to support the trial judge's finding that the Defendant assaulted Ms. Ballinger. Ms. Ballinger testified that, during an argument, the Defendant punched her in the back and choked her. She immediately reported the incident to the police, and an officer observed bruising on Ms. Ballinger's back and "marks around [her] throat." By assaulting Ms. Ballinger, the Defendant violated Rule 1 and Rule 14 of his probation. As a result, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation. The Defendant is not entitled to relief.

## Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -